YVETTE DONOSSO (8667)
JEFFREY ROBINSON (4129)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
Email: ydonosso@utah.gov
       jeffreyrobinson@utah.gov

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JUDITH PINBOROUGH ZIMMERMAN, Ph.D.,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF UTAH and DR. WILLIAM McMAHON,<br><br>Defendants. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br><br><br>Case No. 2:13cv01131<br><br>Judge Jill N. Parrish |

Defendant, University of Utah (the "University"), by and through its undersigned counsel of record, Assistant Utah Attorneys General, Yvette Donosso and Jeffrey Robinson, submits this reply memorandum in support of *Defendant's Motion for Judgment on the Pleadings* pursuant to Fed. R. Civ. P. 12(c) and D.U.Civ.R. 7-1.

## ARGUMENT

Plaintiff essentially concedes that (1) *Peterson v. Browning*, 832 P.2d 1280 (Utah 1992) holds that wrongful termination in violation of public policy claims, like her claim, sound in tort, and (2) *Broadbent v. Bd. of Educ.*, 910 P.2d 1274 (Utah Ct. App. 1996) holds that the Utah

Governmental Immunity Act bars wrongful termination in violation of public policy claims. In spite of those admissions, Plaintiff advances two arguments to avoid dismissal of her claim: (1) this Court should reverse the Utah Supreme Court's decision in *Peterson*; and (2) this Court should not apply *Broadbent's* UGIA bar because she seeks equitable relief.

### I.   This Court Does Not Have Authority to Reverse *Peterson*

Plaintiff urges the Court to adopt Justice Zimmerman's dissent in *Peterson* and, based on the dissent's reasoning, reverse the Utah Supreme Court. The plaintiff in *Broadbent* similarly argued that the Utah Court of Appeals should reverse *Peterson*. 910 P.2d at 1277 n. 5. The Utah Court of Appeals rejected the argument, acknowledging it did not have authority to reverse the Utah Supreme Court.[1] Similarly, this Court does not have authority to reverse the Utah Supreme Court in *Peterson*.

### II.   This Court Should Reject Plaintiff's Equitable Relief Argument

Plaintiff also argues the Court should ignore *Broadbent* because her wrongful termination in violation of public policy claim seeks equitable relief from Defendant. The Court should reject Plaintiff's argument for three reasons: (1) Plaintiff's wrongful termination claim does not actually seek equitable relief; (2) a wrongful termination claim seeking only equitable relief is duplicative and adds nothing new, and (3) the Court cannot award the equitable relief sought.

**A. There is no request for equitable relief.**

Contrary to Plaintiff's statement, her wrongful termination claim does not request equitable relief. The Twelfth Cause of Action, paragraphs 149-55, articulates Plaintiff's

---

[1] The Utah Supreme Court denied certiorari in *Broadbent v. Bd. of Educ.*, 917 P.2d 556 (Utah 1996).

wrongful termination claim. Paragraphs 154-55 describe the relief requested. Plaintiff requests "lost wages, lost future wages, the value of lost benefits, compensatory damages, and consequential damages, including attorneys' fees" and "punitive damages", but no equitable relief. Based on Plaintiff's First Amended Complaint, it seems clear that she never intended to seek equitable relief in her wrongful termination claim. Plaintiff specified equitable relief in seven of her causes of action and did not specify such relief in the other five. It appears Plaintiff knew what she was doing and determined when and when not to ask for equitable relief. Now, Plaintiff is merely trying to convert her wrongful termination claim to avoid the UGIA bar recognized by *Broadbent*. The Court should not allow Plaintiff to circumvent her own pleading.

### B. A request for equitable relief is duplicative and not necessary.

As stated, seven of Plaintiff's twelve causes of action seek equitable relief. *See* First Amended Complaint ¶ 68 (Breach of Contract), ¶ 75 (Federal Due Process), ¶ 81 (State Due Process), ¶ 90 (Federal Liberty Interest), ¶ 97 (State Liberty Interest), ¶104 (Federal Free Speech), ¶ 109 (State Free Speech). (Doc. 32) Even if the Court allowed Plaintiff to now convert her wrongful termination claim to seek equitable relief, a wrongful termination claim for equitable relief is merely duplicative of her other claims. To the extent Plaintiff is entitled to equitable relief, she can obtain that relief through one of her other seven claims. A wrongful termination claim for equitable relief adds nothing. It is redundant and unnecessary.

### C. Plaintiff cannot recover the equitable relief she seeks.

Plaintiff seeks primarily the return of data that does not belong to her or the University. First Amended Complaint ¶ 81; Plaintiff's Memorandum in Opposition to Defendants' Motion

3

for Judgment on the Pleadings, at 2.  ([Doc. 53](#)) Plaintiff admits the data does not belong to her. Deposition of Judith Pinborough Zimmerman, Ph.D., at 184:24 – 185:6, 187:2-19.  It is undisputed that the data belongs to the Department of Health.  Deposition of William McMahon, Ph.D., at 18:12-21.  *See also*, Deposition of Judith Pinborough Zimmerman, Ph.D., at 147:12-17, 159:20-23, 160:24 – 61:8, 186:3-9 (Plaintiff implicitly acknowledges that the Department of Health owns the data).[2]  The Department of Health is not a party to this action.  The University cannot return something that belongs to the Department of Health and the Court cannot order the Department of Health, which is not a party, to give Plaintiff access to the data.

## CONCLUSION

The Court should dismiss the Twelfth Cause of Action because it is barred by the Utah Governmental Immunity Act.

DATED this 29th day of April, 2016.

>
> SEAN D. REYES
> Utah Attorney General
>
> /s/*Yvette Donosso*
> YVETTE DONOSSO
> Assistant Utah Attorney General
> Attorney for Defendants
>
> /s/*Jeffrey Robinson*
> JEFFREY ROBINSON
> Assistant Utah Attorney General
> Attorney for Defendants

---

[2] For the Court's convenience, excerpts of the depositions are attached as Exhibit A.