IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JUDITH PINBOROUGH ZIMMERMAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>The UNIVERSITY OF UTAH and WILLIAM McMAHON, in his official and individual capacities,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND THE PARTIES' STIPULATED MOTION TO AMEND COMPLAINT<br><br>Case No. 2:13-cv-01131-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is Defendants University of Utah and Dr. William McMahon's motion for partial judgment on the pleadings, filed July 15, 2016 and a related motion to amend the complaint. (Docket Nos. 80, 84). Defendants have stipulated to the motion to amend the complaint. (Docket No. 87). In the motion for partial judgment, Defendants argue for dismissal of Plaintiff Dr. Judith Pinborough Zimmerman's Second, Ninth, and Tenth Causes of Action based on governmental immunity. Plaintiff filed a memorandum in opposition to Defendants' motion on August 15, 2016, (Docket No. 85), and Defendants replied on August 29, 2016, (Docket No. 91). The stipulated motion deals with the Ninth Cause of Action. (Docket No. 87). After review of the submitted materials, the court concludes that oral argument would not materially advance the resolution of this motion. *See* DUCivR 7-1(f).

As explained below, the court grants each of the motions. The court concludes that Dr. Zimmerman's Second, Ninth, and Tenth Causes of Action should be dismissed, but grants her leave to amend her complaint as stipulated by the parties.

**BACKGROUND**

1

This motion arises in the context of a lawsuit by Plaintiff against her former employer, the University of Utah, and her former supervisor, Dr. McMahon. Plaintiff filed this lawsuit in December of 2013 after she was terminated from her position as a Research Assistant Professor. The particulars of the dispute are not relevant to resolution of this motion, and a full explanation of the factual background may be found in the court's recent decision regarding Defendants' motion for summary judgment. (Docket No. 75).

Plaintiff filed her First Amended Complaint on January 22, 2015, which asserts multiple causes of action against the Defendants. (Docket No. 32). At issue in this motion are Plaintiff's Second, Ninth, and Tenth Causes of Action, which are asserted against the University of Utah alone. The Second Cause of Action asserts that the University breached its employment contract with Plaintiff when it terminated her in contravention of the terms of that contract and University policy. (Docket No. 32 at 18–19). The Ninth Cause of Action asserts that the University terminated Plaintiff in violation of Title I of the Americans with Disabilities Act ("ADA"), codified as 42 U.S.C. § 12112. (Docket No. 32 at 26–27). The Tenth Cause of Action asserts that the University terminated Plaintiff in violation of the Age Discrimination in Employment Act ("ADEA"), codified as 29 U.S.C. § 623. (Docket No. 32 at 27–29). Defendants argue that each of these causes of action are barred by the Eleventh Amendment and should be dismissed. The court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367.

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay the trial—a party may move for judgement on the pleadings." Fed. R. Civ. P. 12(c). Such a motion "is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000). Dismissal is appropriate if the plaintiff's "allegations fail to 'state a claim

to relief that is plausible on its face.'" *See Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).

## DISCUSSION

As discussed above, Defendants argue that Plaintiff's Second, Ninth, and Tenth Causes of Action against the University of Utah are barred by the Eleventh Amendment to the United States Constitution. (Docket No. 80 at 1). Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347 (1974). This immunity extends to both the state itself and "those governmental entities that are 'arms of the state.'" *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988)). The University of Utah is an "arm of the state" and is entitled to Eleventh Amendment immunity from suit in federal court. *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574–75 (10th Cir. 1996) (finding that the University of Utah is an "arm of the state" and entitled to Eleventh Amendment immunity); *Lu v. Univ. of Utah*, —F. App'x—, 2016 WL 4373337 at *2 (10th Cir. August 16, 2016) (unpublished) (same). Nevertheless, "such immunity is not absolute," and may be waived by the state or abrogated by Congress in certain instances. *Arbogast v. Kan. Dep't of Labor*, 789 F.3d 1174, 1181 (10th Cir. 2015). With these principles in mind, the court will now evaluate the viability of Plaintiff's Second, Ninth, and Tenth Causes of Action.

**I.  Plaintiff's Second Cause of Action Is Barred by the Eleventh Amendment.**

First, Defendants argue that Plaintiff's Second Cause of Action, a breach of contract claim against the University, is barred by the Eleventh Amendment because the University is an "arm of the state" and therefore immune from suit in federal court. (Docket No. 80 at 6–7). In

3

response, Plaintiff asserts that "the State has specifically waived immunity for contract claims" under Utah's Governmental Immunity Act. (Docket No. 85 at 2) (citing Utah Code § 63G-7-301 ("Immunity from suit of each governmental entity is waived as to any contractual obligation.")). The court concludes that Plaintiff's reliance on the Governmental Immunity Act is misplaced.

Although the Governmental Immunity Act undoubtedly waives the State's immunity from suit in its own courts, it does not waive the State's immunity from suit in federal courts. *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1235 (10th Cir. 1999) (quoting *Richins v. Industrial Constr.*, 502 F.2d 1051 (10th Cir. 1974)). It is well-settled that a State's waiver of immunity from suit in its own courts does not waive its Eleventh Amendment immunity from suit in federal court. *Petty v. Tenn.-Mo. Bridge Comm'n*, 359 U.S. 275, 276, 79 S.Ct. 785 (1959). As the Supreme Court explained,

> Although a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment. . . . [A] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued. Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*.

*Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S.Ct. 3142 (1985) (emphasis in original) (internal quotations and citations omitted); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900 (1984) (explaining that a State's consent to suit in federal court must "be unequivocally expressed").

The Governmental Immunity Act does not "specify [Utah's] intention to subject itself to suit in federal court." *See Atascadero*, 473 U.S. at 241 (emphasis omitted). Instead, the Act explicitly vests "*exclusive* original jurisdiction" in state district courts for actions brought against the State under the terms of the Act. Utah Code § 63G-7-501(1) (emphasis added). The

Tenth Circuit has emphasized that this grant of exclusive jurisdiction to state district courts is a "positive expression of policy against suits against Utah in United States courts." *Sutton*, 173 F.3d at 1235 (quoting *Richins*, 502 F.2d at 1055) (internal quotation omitted); *see also Smith v. Utah Valley Univ.*, 97 F. Supp. 3d 998, 1002–03 (S.D. Ind. 2015), *aff'd* 619 F. App'x 559 (7th Cir. 2015) (unpublished) (finding that the Governmental Immunity Act did not waive Utah Valley University's Eleventh Amendment immunity from a breach of contract claim in federal court). Thus, the Governmental Immunity Act does not waive Utah's Eleventh Amendment immunity and the University, as an "arm of the state," may not be haled into federal court on state law claims. *See Watson*, 75 F.3d at 574–75; *Lu*, 2016 WL 4373337 at *2. Consequently, the court lacks jurisdiction over Plaintiff's breach of contract claim and the Second Cause of Action must be dismissed. *See Sutton*, 173 F.3d at 1231–32 (quoting *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 467, 65 S.Ct. 347 (1945)) (explaining that the Eleventh Amendment bar on suits against the states in federal court is jurisdictional in nature).

## II.     Plaintiff's Ninth and Tenth Causes of Action are Barred by the Eleventh Amendment.

Next, Defendants argue that Plaintiff's Ninth Cause of Action, a discrimination claim under Title I of the ADA, and Tenth Cause of Action, a discrimination claim under the ADEA, are barred by the Eleventh Amendment. (Docket No. 80 at 5–6). Plaintiff concedes that these claims are barred by the Eleventh Amendment, but argues that the Ninth Cause of Action should survive under the Rehabilitation Act. (Docket No. 85 at 1–2). As conceded by Plaintiff, it is well settled that the Eleventh Amendment bars suits against the states under Title I of the ADA, *see Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374, 121 S.Ct. 955 (2001) (holding that Congress could not validly subject states to suit under the ADA), and the ADEA, *see Kimel v.*

5

*Fla. Bd. of Regents*, 528 U.S. 62, 91–92, 120 S.Ct. 631 (2000) (holding that "the ADEA does not validly abrogate the States' sovereign immunity"). Because the University is an "arm of the state" entitled to Eleventh Amendment immunity, this court lacks jurisdiction over the claims against it under the ADA and ADEA. Plaintiff's Ninth and Tenth Causes of Action must therefore be dismissed.

**III.    Plaintiff May File a Second Amended Complaint to State a Cause of Action Under the Rehabilitation Act.**

Finally, the parties have stipulated that Plaintiff may amend her complaint to include a claim under the Rehabilitation Act. (Docket No. 87). Based on this stipulation and the general requirement that leave to amend be given "freely . . . when justice so requires[,]" *see* Fed. R. Civ. P. 15(a)(2), the court will grant Plaintiff leave to amend her complaint.

### CONCLUSION

Based on the foregoing, the court **GRANTS** Defendants' Motion for Judgment on the Pleadings, (Docket No. 80), and orders Plaintiff's Second, Ninth, and Tenth Causes of Action be **DISMISSED** without prejudice.[1] The court also **GRANTS** the Motion to Amend the Complaint as stipulated by the parties. (Docket Nos. 84, 87).

It is so ordered.

Signed this day, the 21st of November, 2016.

BY THE COURT:

_____
Honorable Jill N. Parrish
United States District Court Judge

---

[1] As a rule, "dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (emphasis in original).