IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JUDITH PINBOROUGH ZIMMERMAN, Ph.D., <br><br> Plaintiff, <br> v. <br><br> THE UNIVERSITY OF UTAH and WILLIAM McMAHON, PH.D., in his official and individual capacities, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:13-cv-01131 <br><br> District Judge Jill N. Parrish |

Before the court is a Motion for Summary Judgment (ECF No. 121), filed by defendants University of Utah and William McMahon on April 26, 2018. For the reasons below, that motion is granted in part and denied in part.

## I.      PROCEDURAL BACKGROUND

When the instant motion was filed, plaintiff Judith Zimmerman's operative complaint identified six causes of action: (1) violation of the Utah Protection of Public Employees Act ("UPPEA") against the University; (2) deprivation of Dr. Zimmerman's liberty interest in violation of 42 U.S.C. § 1983 against the University and Dr. McMahon; (3) deprivation of Dr. Zimmerman's liberty interest in violation of the Utah Constitution against the University; (4) deprivation of Dr. Zimmerman's right to free speech in violation of the Utah Constitution against the University; (5) violation of the Rehabilitation Act ("Rehab Act") against the University; (6) and discrimination on the basis of religion in violation of Title VII of the Civil Rights Act of 1964 against the University. The defendant's motion urges the court to grant summary judgment on each of Dr. Zimmerman's claims.

The day after the defendants filed their motion, Dr. Zimmerman filed a Motion to Strike Defendants' Motion for Summary Judgment (ECF No. 124). The court granted that motion in part and struck portions of the instant motion. *See* ECF No. 136. However, the court required Dr. Zimmerman to respond to the following issues: (1) whether the University and Dr. McMahon in his official capacity are persons for purposes of § 1983; (2) whether the University is immune under the Eleventh Amendment from claims under the Utah Constitution and the UPPEA; (3) whether Dr. Zimmerman can sustain her Rehab Act claim; (4) whether compensatory and punitive damages are available under the Rehab Act; and (5) whether Dr. Zimmerman filed a timely undertaking. *Id.* at 11.

Two days later, the parties filed a notice with the court indicating that the defendants were waiving Eleventh-Amendment immunity with respect to the claims arising under the Utah Constitution and under the UPPEA. ECF No. 137 at 2. The notice also indicated that the defendants withdrew their argument that Dr. Zimmerman failed to file an undertaking. *Id.* Then, in Dr. Zimmerman's response, Dr. Zimmerman consented to dismissal of her Rehab Act claim and conceded that the University is not a person subject to liability under § 1983. ECF No. 140 at 2.

Consequently, the only issue left for the court to decide on the instant motion is whether Dr. McMahon is subject to liability in his official capacity under § 1983.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts

showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To do this, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When the nonmoving party bears the burden of proof at trial on a dispositive issue, that party must go "beyond the pleadings" and "designate specific facts" so as to "make a showing sufficient to establish the existence of an essential element to that party's case." *Celotex*, 477 U.S. at 322. "The plain language of Rule 56(c) mandates the entry of judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* Thus, summary judgment is not a "disfavored procedural shortcut" but rather "an integral part of the Federal Rules as a whole" that is designed "to secure the just, speedy and inexpensive determination of every action." *Id.* at 327.

## III.   DISCUSSION

Dr. Zimmerman's second cause of action alleges deprivation of her liberty interest in violation of § 1983. That statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. However, a suit against Dr. McMahon in his official capacity is not a suit against Dr. McMahon personally; rather, it is a suit against his office. *See Brandon v. Holt*, 469 U.S. 464, 471 (1985). Consequently, the defendants argue that a suit against Dr. McMahon in his official capacity is not a suit against a person as required by § 1983. *See* ECF No. 121 at 22.

Dr. Zimmerman responds that Dr. McMahon, when sued for injunctive relief, is a person under § 1983. *See* ECF No. 140 at 2 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (citation omitted)). The Supreme Court first pronounced this exception in *Ex parte Young*, 209 U.S. 123 (1908).

Under *Ex parte Young*, a state officer may be enjoined from "taking any steps toward the enforcement of an unconstitutional enactment, to the injury of the complainant." *Id.* at 159. This permits federal courts "to vindicate federal rights and hold state officials responsible to 'the supreme authority of the United States.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105 (1984) (quoting *Ex parte Young*, 209 U.S. at 160). "In determining whether the *Ex parte Young* doctrine avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 636 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)).

Here, Dr. Zimmerman alleges an ongoing constitutional violation in the form of her continued exclusion from employment with the University. Normally, reinstatement is the appropriate remedy in a wrongful discharge case under § 1983. *See Jackson v. City of Albuquerque*, 890 F.2d 225, 233–34 (10th Cir. 1989) (listing cases). But Dr. Zimmerman does not seek reinstatement specifically. Rather, with respect to her § 1983 claim, she seeks "injunctive relief, pursuant to 42 U.S.C. § 1983 *et seq.*, including but not limited to: back pay and lost benefits, front pay, and attorneys' fees and costs." ECF No. 120 at 19. And in her prayer

for relief, she seeks "return of the HIPAA and FERPA data, the return of her CDC grant and access to all materials in connection therewith, and staff correction of data errors." *Id.* at 24. She also seeks "such other further and additional relief the Court deems just and proper." *Id.*

Of course, back pay, lost benefits, attorneys' fees, and costs are not injunctive relief. And Dr. Zimmerman's requests for the return of HIPPA and FERPA data, for the return of her CDC grant, and for correction of data errors are requests for retrospective relief. *Cf. Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. at 303 ("The second condition for applying *Young* is that relief be prospective, not retrospective, a bar to future violations of federal law, not recompense for past mistakes."). However, Dr. Zimmerman can still maintain a claim against Dr. McMahon in his official capacity for reinstatement (and perhaps front pay, in the unlikely event that reinstatement is not the appropriate remedy). *See Starrett v. Wadley*, 876 F.2d 808, 824 (10th Cir. 1989) ("Although front pay sometimes is appropriate when reinstatement is not possible, it is not a mandatory remedy.").

## IV.    ORDER

For the reasons above, the defendants' motion is **GRANTED IN PART AND DENIED IN PART**. Specifically, the court orders as follows:

1. Pursuant to Dr. Zimmerman's withdrawal, Dr. Zimmerman's fifth cause of action under the Rehab Act is **DISMISSED WITH PREJUDICE** in its entirety.

2.  The court **GRANTS** summary judgment **IN FAVOR OF THE UNIVERSITY** on Dr. Zimmerman's second cause of action under 42 U.S.C. § 1983.

3. Dr. Zimmerman **CAN STILL MAINTAIN HER SECOND CAUSE OF ACTION AGAINST DR. MCMAHON IN HIS OFFICIAL CAPACITY** under 42 U.S.C. § 1983—but only to the extent she seeks prospective injunctive relief.

4. In all other respects, the defendants' motion is **DENIED**.

Signed July 17, 2018

BY THE COURT

Jill N. Parrish
United States District Court Judge