IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JUDITH PINBOROUGH ZIMMERMAN, Ph.D., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF UTAH and WILLIAM McMAHON, Ph.D., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** <br><br> Case No. 2:13-CV-01131 <br><br> District Judge Jill N. Parrish |

This case comes before the court on Defendants' Motion for Judgment as a Matter of Law filed at the close of Plaintiff's case-in-chief on August 24, 2018 (ECF No. 215). The court submitted the action to the jury subject to its later review of the legal questions raised by the motion. *See* Fed. R. Civ. P. 50(b). Defendants orally renewed their Motion at the close of all the evidence, and again after the jury returned a verdict. Plaintiff responded on August 28, 2018 (ECF No. 223).

### I. LEGAL STANDARD

"A court should grant judgment as a matter of law only when a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Eisenhour v. Weber Cty.*, 897 F.3d 1272, 1280 (10th Cir. 2018) (internal quotation marks omitted). "In other words, judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position." *In re Cox Enters., Inc.*, 871 F.3d 1093, 1096 (10th Cir. 2017) (internal quotation marks omitted). The standard "mirrors

the summary judgment standard in that 'the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.'" *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, 843 F.3d 1225, 1247 (10th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

## II.     ANALYSIS

This jury trial involved two separate claims against two different defendants. Against the University of Utah, plaintiff brought a whistleblower claim under the Utah Protection of Public Employees Act ("UPPEA"). Against Dr. William McMahon, plaintiff asserted a federal liberty interest procedural due process claim. Defendants moved for judgment as a matter of law on both claims.

On the whistleblower claim, the University sought judgment as a matter of law on two grounds: (1) that Dr. Zimmerman's whistleblower claim was time-barred; and (2) that there was no causal connection between Dr. Zimmerman's complaints and any adverse employment action. On the liberty interest claim, Dr. McMahon moved for judgment as a matter of law on three grounds: (1) that Dr. Zimmerman's procedural due process violation claim was fatally flawed due to her failure to adduce proof that her reputation was impugned, that the allegedly stigmatizing statements were false, that the statements foreclosed employment opportunities for Dr. Zimmerman, or that the statements were published; (2) that the evidence fell short of the standards required to expose Dr. McMahon to punitive damages liability; and (3) that there was no basis for including any research grant funds in any award of damages. Because the jury found in favor of Dr. McMahon on the liberty interest claim, his arguments as to those issues are moot.

However, the jury returned a verdict in favor of Dr. Zimmerman on her whistleblower claim. Accordingly, defendants' motion for judgment as a matter of law remains pending insofar

as it relates to Dr. Zimmerman's UPPEA claim. The court addresses both of the University's whistleblower arguments in turn, and for the reasons set forth below, denies its motion.

### A. UPPEA LIMITATION PERIOD

Defendants argue that Dr. Zimmerman's UPPEA claim is barred by the statute of limitations because she failed to file it within 180 days of the date on which she received notice that her employment contract would not be renewed. In so arguing, defendants seek to relitigate a purely legal issue—one that has been the subject of proceedings in this court as well as the Utah Supreme Court—in the guise of a purported evidentiary failure. Defendants argue that Dr. Zimmerman's whistleblower cause of action accrued—and thus the clock began to run—after Dr. McMahon gave Dr. Zimmerman notice of her non-renewal in December of 2012.

Defendants advanced this same argument in proceedings before the Utah Supreme Court after this court certified the limitations question raised by the facts of this case. *See Appellees' Resp. Br. on Certified Questions*, 2017 WL 8788117, at *16–20. The court can safely assume that if that court agreed with defendants' analysis, it would have adopted it. Instead, the Utah Supreme Court explained that the timeliness of a whistleblower claim turns on whether the damages sought flow from an event that is time-barred or timely. The court takes the Utah Supreme Court at its word when its opinion declared that "[t]o the extent [Dr. Zimmerman's] damages are causally connected to the notice of termination they would be time-barred; but to the extent they are causally connected to the actual termination of employment they would not be time-barred." *Zimmerman v. Univ. of Utah*, 2018 UT 01, ¶ 35, 417 P.3d 78, 85 (Utah 2018).

Here, the jury awarded only economic damages to Dr. Zimmerman, which the parties agreed consisted only of lost wages. The court instructed the jury to this effect, and identified the date of her actual termination as the earliest date for which Dr. Zimmerman's lost wages could be compensable. *See* ECF No. 219, Instruction No. 37. The court cannot see how the lost wages

3

awarded could be causally attributable to anything but Dr. Zimmerman ceasing to be employed by the University. Because damages caused by that event are not time-barred, defendants' arguments on this point are unavailing.

Aside from reciting the same arguments they unsuccessfully urged before the Utah Supreme Court, defendants have not articulated any evidentiary failure that should have precluded the jury's consideration of Dr. Zimmerman's whistleblower claim. Accordingly, the court finds that defendants are not entitled to judgment as a matter of law on the issue of limitations.

### B. UPPEA CAUSATION

Next, defendants argue that Dr. Zimmerman failed to present evidence from which the jury could infer that her non-renewal by the University was causally connected to her whistleblowing activity. In support, defendants cite federal retaliation cases arising under Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Fair Labor Standards Act for the proposition that temporal proximity between protected activity and a subsequent termination is, without more, insufficient to establish retaliation. But as the court has already explained in this case, the contours of federal and state causes of action, even if borne from virtually identical language, are not coextensive. *See* Order Dismissing without Prejudice Pl.'s Third Cause of Action, ECF No. 210, at 2–3. Defendants have produced no authority to support the existence of a similar evidentiary limitation on whistleblower claims under Utah law.

Even if the court read the UPPEA to contain the same evidentiary thresholds as comparable federal claims, plaintiff presented evidence in this case that exceeded that bar. The jury heard testimony and received exhibits from which they could infer, beyond the "mere" temporal proximity of protected behavior and a subsequent termination, that Dr. Zimmerman's complaints were the cause of the University's decision to decline to renew her employment agreement.

4

For example, the jury was presented with evidence that tended to show that the University was amply aware of Dr. Zimmerman's purported collegiality problems by as early as September of 2011. Notwithstanding this information, the Retention, Promotion, and Tenure committee opted, with the help of Dr. McMahon's endorsement, to retain Dr. Zimmerman, and her employment contract was renewed for another year. From Dr. McMahon's apparent decision not to renew her agreement for a subsequent year immediately after learning of her privacy complaints, *see Defs.' Ex. 279, Pl.'s Ex. 16*, the jury could infer that Dr. Zimmerman's complaints, rather than her job performance, were the cause of the adverse employment action. At the very least, the court cannot say that this evidence is susceptible to "no reasonable inferences" to support Dr. Zimmerman's claim. *See In re Cox Enters., Inc.*, 871 F.3d at 1096.

### III. ORDER

For the reasons above, the defendants' **MOTION FOR JUDGMENT AS A MATTER OF LAW** (ECF No. 215) is **DENIED.**

Signed September 5, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge